UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LEE ARNOLD, JR., ) | CASE NO. 1:15 CV 526 |
| Plaintiff, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| MAROUS BROTHERS CONSTRUCTION, ) | |
| ) | MEMORANDUM OPINION |
| Defendant. ) | AND ORDER |

On March 18, 2015, Plaintiff *pro se* Lee Arnold, Jr. filed this *in forma pauperis* action against Defendant Marous Brothers Construction. He asserts race discrimination in employment under Title VII of the Civil Rights Act of 1964. Plaintiff alleges that in 2002, Defendant's agents threatened him after he complained that a work order was unreasonable, and that he was terminated from his employment with Defendant at that time. The Court takes notice of its own records in observing that a previous case was filed by Plaintiff against Marous Brothers Construction concerning the events which are the subject of this action. That case was dismissed with prejudice on summary judgment on February 4, 2005. *Arnold v. Marous Brothers Construction*, N.D. Oh. Case No. 1:03 CV 1761 (Doc #49).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or

fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

The doctrine of *res judicata* promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties.  *Parklane Hosiery Co v. Shore*, 439 U.S. 322, 326 (1979).  *See also Martin v. Dana Driveshaft Manufacturing*, L.L.C., 2010 WL 3515597 at *2 (N.D. Ohio. Sept. 2, 2010).  *Res judicata* applies when (1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first, (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims.  *See Rawe v. Liberty Mut. Ins. Co.,* 462 F.3d 521, 528 (6th Cir. 2006); *Hamilton's Bogarts v. Michigan*, 501 F.3d 644, 650 n. 4 (6th Cir. 2007); *Walker v. General Telephone Co.*, 2001 WL 1667282 at * 4 (6th Cir. Dec. 26, 2001).

The Sixth Circuit has held that, in order for the third and fourth elements of the above test to be satisfied,"there must be an identity of the causes of action; that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action."  *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  *See also Holder v. City of Cleveland*, 2008 WL 2787496 at *2 (6th Cir. July 17, 2008).  Where the two causes of action arise from the "same transaction, or series of transactions," the plaintiff should have litigated both causes in the first action and may not litigate the second issue later.  *See Rawe*, 462 F.3d at 529.

It is evident that Plaintiff's 2003 case against Marous Brothers Construction concerns the very same events that are the subject of this action.  Further, to the extent the instant Complaint could be construed to set forth a new legal claim, there is no suggestion the claim was previously unavailable.  Therefore, in light of the foregoing authority, Plaintiff is barred by *res judicata* from

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

asserting any such claim in this case, and from relitigating his previously dismissed Title VII claim.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

>　/s/SOLOMON OLIVER, JR.
>　CHIEF JUDGE
>　UNITED STATES DISTRICT COURT

July 10, 2015